UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RAFAEL JONES, SR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:14-CV-1430-RLW |
| 22ND JUDICIAL CIRCUIT COURT OF MISSOURI, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Rafael Jones, Sr., for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay the filing fee, and therefore, the motion will be granted.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Liberally construing the allegations, petitioner seems to be claiming that St. Louis City Court Clerks are committing "computer fraud" by entering into the computer system "as convictions" certain cases, presumably involving petitioner, that had been "thrown out of courts with prejudice under 559.036.3 RSMo." Petitioner summarily asserts four grounds in support of his petition: (1) "Violations of the

covenant on the elimination of all forms of racial, social, economic and educational discrimination . . . collateral attack under 998(16) violation of 28 U.S.C. Art. 3-1, F.P.P § 3723 fraud upon the courts"; (2) "Tampering with public record in violation of 575.110 RSMo. and violation of 575.130 simulating legal process"; (3) "18 U.S.C. § 373 Treasonable Act and . . . violation of Universal Declaration of Human Rights Act"; and (4) "Violation of the Convention against Torture" and "Violation of Restatement Third of foreign relations law of the United States, Section 712, when dealing with securities." For relief, plaintiff states, "Record cleared of these convictions by order of clerks to abide by the judges' discretion 559.36.3 RSMo."

Having carefully reviewed the petition, the Court concludes that petitioner has failed to state a claim for a constitutional violation under § 2254, and therefore, his request for habeas corpus relief will be denied. Not only are his claims lacking in factual support, but the relief he requests is not available in habeas corpus actions.[1] Petitioner has failed to assert a cognizable basis for relief under § 2254, and therefore, this action will be summarily dismissed.

Accordingly,

---

[1] Moreover, the Court will not liberally construe the instant petition as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651. *See, e.g., Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D. Mo. 1981) (federal courts have no superintending control over and are without authority to issue writ of mandamus to direct state court or its judicial officers in performing duties).

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED** without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of September, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE